IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLORADO

|  |  |  |
|---|---|---|
| WRIGHT MEDICAL TECHNOLOGY, INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) ) | Case No. 18-cv-00691-STV |
| PARAGON 28, INC., | ) ) ) | **JURY TRIAL DEMANDED** |
| Defendant. | ) ) ) ) | |

## <u>STIPULATED PROTECTIVE ORDER</u>

WHEREAS, Plaintiff Wright Medical Technology, Inc., and Defendant Paragon 28, Inc., hereafter referred to as "the Parties," believe that certain information that is or will be encompassed by discovery demands by the Parties ("Discovery Material") served in the above-captioned lawsuit ("the Action") involves the production or disclosure of trade secrets, confidential business information, or other proprietary information; and

WHEREAS, the Parties seek a protective order limiting disclosure thereof in accordance with Federal Rule of Civil Procedure 26(c):

THEREFORE, it is hereby stipulated among the Parties and ORDERED that:

1.      Each Party may designate as confidential for protection under this Order, in whole or in part, any document, information or material that constitutes or includes, in whole or in part, confidential or proprietary information or trade secrets of the Party, or a Third Party to whom the Party reasonably believes it owes an obligation of confidentiality with respect to such document, information or material ("Protected Material").  Protected Material shall be designated by the Party producing it (the "Producing Party") by affixing a legend or stamp on such document, information

or material bearing the words:  (1) "CONFIDENTIAL" or (2) "CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY" (individually and collectively "Designated Material"), as appropriate.

(a)    A Producing Party may designate Discovery Material "CONFIDENTIAL" if the Producing Party has a good faith belief that the Discovery Material constitutes or contains proprietary or confidential technical, sales, marketing, financial, or other commercial information, whether embodied in physical objects, documents, or the factual knowledge of persons.

(b)    A Producing Party may designate Discovery Material "CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY" if the Producing Party has a good faith belief that the disclosure of Discovery Material may impose a competitive risk that a "Confidential" designation will not mitigate.

2.    The confidentiality legend shall be placed clearly on each page of the Protected Material (except deposition and hearing transcripts) for which such protection is sought.  For deposition and hearing transcripts, the legend shall be placed on the cover page of the transcript by the court reporter.  If the transcript is later re-designated, the re-designating party must revise the legend, provide a copy of re-designated transcript to the non-producing party, and all prior versions shall be destroyed.  Documents produced in native format shall have the appropriate designation affixed on the face of the media containing such native format documentation.  In addition to the foregoing, to the extent that documents are produced in electronic form, the addition of a confidentiality designation in the file name, or on the TIFF page associated with such native format file in the Producing Party's production, shall be sufficient to provide notice of said confidentiality and additional written notice is unnecessary in this situation.  Other tangible things

not produced in documentary form may be designated by affixing the appropriate designation on a cover page for such material and in a prominent place on the exterior of the container or containers in which the information or things are stored.  If a party that has received Designated Material ("Receiving Party") wishes to print out any portion of a file provided in electronic format for use in a deposition, hearing, pleading, or at trial, the Receiving Party shall be responsible for ensuring that any such printouts display a legend reflecting the appropriate confidentiality designation and production numbers of the underlying electronic file.

3.      Any document produced before issuance of this Order with the designation "Attorneys' Eyes Only" shall receive the same treatment as if designated "CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY" under this Order, unless and until such document is redesignated to have a different classification under this Order.

4.      With respect to Designated Material, subject to the provisions herein and unless otherwise stated, this Order governs, without limitation:  (a) all documents, electronically stored information, and/or things as defined by the Federal Rules of Civil Procedure; (b) all pretrial, hearing or deposition testimony, or documents marked as exhibits or for identification in depositions and hearings; (c) pretrial pleadings, exhibits to pleadings and other court filings; (d) affidavits; and (e) stipulations.  All copies, reproductions, extracts, digests and complete or partial summaries prepared from any Designated Materials shall also be considered Designated Material and treated as such under this Order.

5.      A designation of Protected Material may be made at any time.  Inadvertent or unintentional production of Protected Material that has not been designated as Designated Material shall not be deemed a waiver in whole or in part of a claim for confidential treatment.  Any party that inadvertently or unintentionally produces Protected Material without designating it as

Designated Material may request destruction of that Protected Material by notifying the Receiving Party(ies), as soon as reasonably possible after the Producing Party becomes aware of the inadvertent or unintentional disclosure, and providing replacement Protected Material that is properly designated. The Receiving Party(ies) shall then destroy all copies of the inadvertently or unintentionally produced Protected Materials and any documents, information or material derived from or based thereon.

6. "CONFIDENTIAL" documents, information and material may be disclosed only to the following persons, except upon receipt of the prior written consent of the designating party, or upon order of the Court:

(a) outside counsel of record in this Action for the Parties;

(b) employees of such counsel assigned to and reasonably necessary to assist such counsel in the litigation of this Action;

(c) up to three (3) in-house counsel or outside counsel operating in the role of general counsel for the Parties who either have responsibility for making decisions dealing directly with the litigation of this Action, or who are assisting outside counsel in the litigation of this Action;

(d) outside consultants or experts (i.e., not existing employees or affiliates of a Party) (referenced in this paragraph as "Person") retained for the purpose of this litigation, provided that (i) such Person is not presently employed or retained by the Parties hereto for purposes other than this Action; and (ii) before access is given, the Person has completed the Undertaking attached as Exhibit A hereto and the same is served upon the Producing Party, along with: (1) a current curriculum vitae, (2) current address, (3) present employer and title, (4) identification of the Person's past and current employment and

consulting relationships within the past five years, and (5) a list of cases in which the Person has testified at deposition or trial within the last four years.  Within five (5) business days of receipt of the disclosure of the Person, the Producing Party or Parties may object in writing to the Person for good cause.  In the absence of an objection at the end of the five (5) business day period, the Person shall be deemed approved under the Protective Order. There shall be no disclosure of Designated Material to the Person prior to the expiration of this five (5) business day period.  If the Producing Party objects to disclosure to the Person within such five (5) business day period, the Parties shall meet and confer via telephone within two (2) business days following the objection and attempt in good faith to resolve the dispute on an informal basis.  If the dispute is not resolved, the Party objecting to the disclosure will have five (5) business days from the date of the meet and confer to seek relief from the Court.  If relief is not sought from the Court within that time, the objection shall be deemed withdrawn.  If relief is sought, Designated Material shall not be disclosed to the Person in question until the Court resolves the objection.

(e)      mediators assigned to this matter and their staff;

(f)      independent litigation support services, including persons working for or as court reporters, graphics or design services, jury or trial consulting services, mock jurors who have agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A, and photocopy, document imaging, and database services retained by counsel and reasonably necessary to assist counsel with the litigation of this Action; and

(g)      the Court and its personnel.

7.      For Protected Material designated CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY, access to, and disclosure of, such Designated Material shall be limited to individuals listed in paragraphs 6(a)-(b) and (d)-(g).

8.      Documents, information or material produced pursuant to any discovery request in this Action, including but not limited to Protected Material designated as Designated Material, shall be used by the Parties only in the litigation of this Action and shall not be used for any other purpose.  Any person or entity who obtains access to Designated Material or the contents thereof pursuant to this Order shall not make any copies, duplicates, extracts, summaries or descriptions of such Designated Material or any portion thereof except as may be reasonably necessary in the litigation of this Action.  Any such copies, duplicates, extracts, summaries or descriptions shall be classified Designated Material and subject to all of the terms and conditions of this Order.

9.      Nothing in this Protective Order shall preclude any attorney from providing to their clients an evaluation of any Protected Material produced or exchanged in this litigation, provided, however, that, in rendering such advice and otherwise communicating with their client, outside counsel shall not disclose the specific contents of any Protected Material produced by another Party if such a disclosure would be contrary to the terms of this Protective Order.

10.     Notwithstanding anything elsewhere in this Protective Order, material designated CONFIDENTIAL or CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY may, in the course of preparing for, or taking, a deposition or trial testimony, be shown to (i) a former employee, officer or director of the Producing Party who was the author of, recipient of or, in the ordinary course of business, had access to such specific Designated Material; or (ii) a nonparty who was the author, recipient, or, in the ordinary course of business, had access, to such specific Designated Material. Disclosure to a former employee, officer, director, or to a nonparty, shall

take place solely for the purpose of preparing for, or taking, a deposition or trial testimony.  Under

no circumstances shall such former employee, officer, director, or nonparty be allowed to possess

copies of such documents outside the presence of counsel who are subject to this Protective Order.

11.     Any natural person who is permitted under this Order to receive Designated

Material and who does receive Protected Information designated CONFIDENTIAL - OUTSIDE

ATTORNEYS' EYES ONLY shall not be involved in the Prosecution of any patents or patent

applications related to orthopedic plates for bone repair before any foreign or domestic agency,

including the United States Patent and Trademark Office, for an entity other than the Producing

Party from whom the information originates.  For purposes of this paragraph, "Prosecution" means

directly or indirectly drafting, amending, advising, or otherwise affecting the scope or maintenance

of patent claims for any patent application for orthopedic plates for bone repair that is first filed

after the date of this Protective Order.  To avoid any doubt, this Order does not preclude (a)

representing a party challenging a patent before a domestic or foreign agency (including, but not

limited to, a reissue protest, ex parte reexamination, inter partes reexamination or inter partes

review), or (b) any person who reviewed or learned CONFIDENTIAL - OUTSIDE

ATTORNEYS' EYES ONLY from participating in or advising on any reexamination, inter partes

review and/or covered business method review if the attorney or expert does not participate in

drafting or amending claims, including, but not limited to, commenting on or proposing revisions

to any newly-drafted or amended claims.  The bar shall be in effect during the pendency of this

Action and for one year after its conclusion, including any appeals.  Nothing in this paragraph shall

prevent any attorney from sending non-confidential prior art to an attorney involved in patent

prosecution for purposes of ensuring that such prior art is submitted to the U.S. Patent and

Trademark Office (or any similar agency of a foreign government) to assist a patent applicant in

complying with its duty of candor.  For avoidance of doubt, the parties expressly agree that the bar set forth in this paragraph shall be personal to any attorney who reviews CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY and shall not be imputed to other persons or attorney at the attorney's law firm.  Notwithstanding the foregoing, documents and information related solely to damages, lost profits, or reasonable royalty rates shall not be considered information that will trigger the bar set forth in this paragraph.

12.     Nothing in this Order shall require production of documents, information or other material that a Party contends is protected from disclosure by the attorney-client privilege, the work product doctrine, or other privilege, doctrine, or immunity.  If documents, information or other material subject to a claim of attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity is inadvertently or unintentionally produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any such privilege, doctrine, or immunity.  Any Party that inadvertently or unintentionally produces documents, information or other material it reasonably believes are protected under the attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity may obtain the return of such documents, information or other material by promptly notifying the recipient(s) and providing a privilege log for the inadvertently or unintentionally produced documents, information or other material.  The recipient(s) shall, upon request, gather and return all copies of such documents, information or other material to the Producing Party, except for any pages containing privileged or otherwise protected markings by the recipient(s), which pages shall instead be destroyed and certified as such to the Producing Party.  Nothing in this Order shall be construed as a waiver of the Receiving Party's ability to challenge the Producing Party's privilege

designation.  In any such challenge, the Receiving Party shall not rely upon the contents of the supposedly inadvertently produced documents, information or other material.

13.     There shall be no disclosure of any Designated Material by any person authorized to have access thereto to any person who is not authorized for such access under this Order.  The Parties are hereby ORDERED to safeguard all such documents, information and material to protect against disclosure to any unauthorized persons or entities.  In the event that a Receiving Party learns of an improper disclosure of Designated Material by the Receiving Party or any agent, consultant or expert of the Receiving Party, the Receiving Party shall immediately alert the Producing Party and take appropriate steps to remedy the improper disclosure and secure the return and/or destruction of such Designated Material.

14.     Any Party knowing or believing that any other party is in violation of or intends to violate this Order and has raised the question of violation or potential violation with the opposing party and has been unable to resolve the matter by agreement may move the Court for such relief as may be appropriate in the circumstances.  Pending disposition of the motion by the Court, the Party alleged to be in violation of or intending to violate this Order shall discontinue the performance of and/or shall not undertake the further performance of any action alleged to constitute a violation of this Order.

15.     Parties may, at a deposition or within thirty (30) days after receipt of a deposition transcript, designate the deposition transcript, or any portion thereof, as "CONFIDENTIAL" or "CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY" pursuant to this Order.  Access to the deposition transcript so designated (along with all exhibits so designated) shall be limited in accordance with the terms of this Order.  Until expiration of the 30-day period, the entire deposition transcript shall be treated as CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY.

16.     Any party that files with the Court any material which contains documents, information or material which another party or third-party has identified as Designated Material shall comply with D.C.COLO. L. Civ. R. 7.2.

17.     The protections conferred by this Protective Order cover not only Discovery Material governed by this Protective Order, but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, as well as testimony, conversations, or presentations by parties or their Counsel in Court or in other settings that might reveal Protected Material.

18.     This Order applies to pretrial discovery.  Nothing in this Order shall be deemed to prevent the Parties from introducing any Designated Material into evidence at the trial of this Action, or from using any information contained in Designated Material at the trial of this Action, subject to any pretrial order issued by this Court.

19.     A Receiving Party may request in writing to the Producing Party that the designation given to any Designated Material be modified or withdrawn.  The Receiving Party shall identify with specificity the document or information to which the challenge is directed and the basis of the challenge.  Within five (5) business days of receiving the written challenge, the Designating Party shall notify the Receiving Party in writing of the basis for the designation.  If such explanation is not satisfactory to the Receiving Party, the Parties shall follow the procedures for Discovery Disputes laid out in Section IV of the Civil Practice Standards of Magistrate Judge Varholak.  In any dispute, the Designating Party shall bear the burden to show that such designation is proper.  Pending the Court's resolution of any dispute over designation, the designation of the Designating Party shall be maintained.

20.    Each outside consultant or expert to whom Designated Material is disclosed in accordance with the terms of this Order shall be advised by counsel of the terms of this Order, shall be informed that he or she is subject to the terms and conditions of this Order, and shall sign an acknowledgment that he or she has received a copy of, has read, and has agreed to be bound by this Order.  A copy of the acknowledgment form is attached as Exhibit A.

21.    To the extent that any discovery is taken of persons who are not Parties to this Action ("Third Parties") and in the event that such Third Parties contend the discovery sought involves trade secrets, confidential business information, or other proprietary information, then such Third Parties may agree to be bound by this Order and avail themselves of the protections provided by this Order.  Third Parties may designate as "CONFIDENTIAL" or "CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY" any documents, information or other material, in whole or in part, produced or given by such Third Parties.  Such designation shall be made by the Third Party at the time of production.

22.    Within sixty (60) days of final termination of this Action, including any appeals, all Designated Material, including all copies, duplicates, abstracts, indexes, summaries, descriptions, and excerpts or extracts thereof (excluding excerpts or extracts incorporated into any privileged memoranda of the Parties and materials which have been admitted into evidence in this Action), shall at the Producing Party's election, be either returned to the Producing Party or destroyed.  The Receiving Party shall verify the return or destruction by affidavit furnished to the Producing Party, upon the Producing Party's request.  However, Outside Counsel for a Receiving Party may retain file copies of any pleading, transcript (for each deposition, hearing, and trial), admitted trial exhibits, discovery responses, and any exhibits thereto, and attorney work product, regardless of whether it includes or describes Designated Material.  This Court retains and shall

have continuing jurisdiction over the Parties and recipients of the Designated Material for enforcement of the provisions of this Protective Order, even following termination of this litigation.

23.     If any Party is served with any subpoena or other request for the production of Designated Material produced by another Party in connection with any proceeding before any court or other judicial, arbitral, administrative, or legislative body, the Party to whom the subpoena or other request is directed shall immediately give written notice thereof to each Producing Party who has produced such Designated Material (directly or through the Producing Party's Outside Counsel), and shall provide each Producing Party with an opportunity to move for a protective order regarding the request for the production of Designated Materials.  If a Producing Party does not take steps to prevent disclosure of such documents within fourteen (14) days of the date written notice is given, the Party to whom the subpoena or other request is directed may produce such documents in response thereto.  If a Producing Party does take steps to prevent disclosure of such documents within the fourteen-day period, then the requested Designated Material shall not be disclosed until a final court order compelling production is issued.

24.     The failure to designate documents, information or material in accordance with this Order and the failure to object to a designation at a given time shall not preclude the filing of a motion at a later date seeking to impose such designation or challenging the propriety thereof.  The entry of this Order and/or the production of documents, information and material hereunder shall in no way constitute a waiver of any objection to the furnishing thereof, all such objections being hereby preserved.

25.     Production of Designated Material by each of the Parties shall not be deemed a publication of the documents, information and material (or the contents thereof) produced so as to

void or make voidable whatever claim the Parties may have as to the proprietary and confidential nature of the documents, information or other material or its contents.

26.     Nothing in this Order shall be construed to effect an abrogation, waiver or limitation of any kind on the rights of each of the Parties to assert any applicable discovery or trial privilege.

27.     Each of the Parties shall also retain the right to file a motion with the Court (a) to modify this Order to allow disclosure of Designated Material to additional persons or entities if reasonably necessary to prepare and present this Action  (b) to apply for additional protection of Designated Material, and (c) to challenge or seek relief from any designation made pursuant to or restriction imposed by this Order.

SO ORDERED this      3rd           day of __July_____, 2018 .

BY THE COURT:

s/Scott T. Varholak
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLORADO

WRIGHT MEDICAL TECHNOLOGY, INC.,   )
)
)
             Plaintiff,   )
)
      vs.   )   Case No. 18-cv-00691-PAB-STV
)
PARAGON 28, INC.,   )   **JURY TRIAL DEMANDED**
)
             Defendant.   )
)
)
)

## EXHIBIT A

## UNDERTAKING REGARDING PROTECTIVE ORDER

I, _____, declare that:

1.      My address is _____.  My

current employer is _____.  My

current occupation is _____.

2.      I have received a copy of the Protective Order in this action.  I have carefully read and

understand the provisions of the Protective Order.

3.      I will comply with all of the provisions of the Protective Order.  I will hold in confidence,

will not disclose to anyone not qualified under the Protective Order, and will use only for

purposes of this Action any information designated as "CONFIDENTIAL" or

"CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY" that is disclosed to me.

4.      Promptly upon termination of this Action, depending on the election of the Producing

Party pursuant to paragraph 22 of the Protective Order, I will either a) return to the outside

counsel with whom I was affiliated as employee, client, expert or consultant, for return to the

Producing Party; or b) destroy, all documents and things designated as "CONFIDENTIAL" or

"CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY" that came into my possession,

and all documents and things that I have prepared relating thereto.

5.      I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the

Protective Order in this action.

I declare under penalty of perjury that the foregoing is true and correct.


Signature _____

Date _____